Entered on Docket August 8, 2013

**Below is a Memorandum Decision of the Court.**



_____
**Marc Barreca
U.S. Bankruptcy Court Judge**
**(Dated as of Entered on Docket date above)**

_____

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re:<br><br>**Shirley Barlow Scott**,<br><br>                    Debtor. | Case No. 12-13883-MLB (Ch. 7) |
| **Edmund J. Wood**, *Trustee*,<br><br>                    Plaintiff,<br>  v.<br><br>**Bank of America NA,** *a national bank, et al.*,<br><br>                  Defendants. | Adversary No. 13-01125-MLB<br><br>**MEMORANDUM DECISION ON PLAINTIFF'S AND DEFENDANT'S CROSS MOTIONS FOR SUMMARY JUDGMENT** |

### **Procedural Background**

This matter came before the Court on cross motions for summary judgment by Plaintiff, Edmund Wood, Chapter 7 Trustee (the "**Trustee**") for the estate of Shirley Barlow Scott ("**Shirley Scott**"), and Defendant, Bank of America NA ("**Bank of America**"). *See* Dkt. Nos. 20 and 25. The Court reviewed the record, heard oral argument on July 10, 2013, and took the matters under advisement.

**Below is a Memorandum Decision of the Court.**

**Jurisdiction**

Subject matter jurisdiction is proper pursuant to 28 U.S.C. §§ 157, 1334, as the claims asserted in this adversary proceeding arise in, under, or are related to Shirley Barlow Scott's bankruptcy case, Case No. 12-13883-MLB.[1] Venue is proper pursuant to 28 U.S.C. §§ 1408, 1409.

**Facts**

The material facts are not in dispute.

Shirley Scott filed for bankruptcy under Chapter 7 on April 16, 2012.

For a period of time prior to 1998, Dean Scott ("**Dean Scott**"), Shirley Scott's father-in-law, was the owner of one or more parcel(s) of real property in Redmond, Washington, including real property commonly known as 18728 NE 116th St., Redmond, WA 98052 ("**18728 NE 116th St.**,"), the property at issue herein, and real property commonly known as 18804 NE 116th St., Redmond, WA 98052 ("**18804 NE 116th St.**"). The tax assessor's parcel identification number for 18728 NE 116th St is 727310-0067. The tax assessor's parcel identification number for 18804 NE 116th St. is 727310-0065.

In 1998, Dean Scott apparently conveyed both the property located at 18728 NE 116th St., and the property located at 18804 NE 116th St. to his daughter, defendant Dayna Scott ("**Dayna Scott**"). Shortly thereafter, Chris Woodbury, the husband of Dayna Scott, quitclaimed any interest that he might have in 18728 NE 116th St., to his wife. At that point, Dayna Scott held title to the subject property as her sole and separate property.

Then, in 2001, Dayna Scott conveyed the subject property to herself and her brother, Dean D. Scott ("**Dean D. Scott**"), as tenants in common. Later on, in 2008, Dean D. Scott quitclaimed his interest in the subject property to himself and his wife, Shirley Y. Scott a/k/a Shirley Scott. At that

---

[1] Unless otherwise indicated, all Code, Chapter, Section and Rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* and to the Federal Rules of Bankruptcy Procedure, Rules 1001 *et seq.*

point, Dayna Scott held title to a half interest in the subject property, and Shirley Scott, along with her husband, held title to the other half.

In 2002, after Dayna Scott had conveyed the property at 18728 NE 116th St. to herself and her brother, Dayna Scott conveyed the property at 18804 NE 116th St. back to her father.

In 2008, Dean D. Scott and his wife, Shirley Scott, signed a deed of trust in favor of Countrywide Bank, FSB, which was intended by both parties to encumber 18728 NE 116th St. (the "**Countrywide Deed of Trust**"). Bank of America NA **("Bank of America"**) is the successor in interest to Countrywide Bank, FSB. The Countrywide Deed of Trust included the correct property address, the correct tax parcel identification number, and other terms. However, the legal description attached to the Countrywide Deed of Trust was *not* the legal description for 18728 NE 116th St. Instead, the attached legal description was for the property at 18804 NE 116th St.

In accordance with RCW 64.04.050, the King County Recorder's Office maintains an online index of records, including deeds. The online index provides information in the following categories: (1) Instrument number, (2) Book-page, (3) Date filed, (4) Document type, (5) Name, (6) Name type, (7) Associated name, (8) Name type, (9) Legal description, and (10) Image (indicating whether an online image of the actual recorded document is available). The "legal description" category does not provide a full legal description, but only a short form legal description.

Bank of America provided a hard copy of the index search results for the name "Shirley Scott." In particular, the index shows that on April 4, 2008, Shirley Y. Scott, as grantor, gave a deed of trust to Countrywide Bank FSB, as grantee, at recording number 20080404000347, on property with a legal description of: LT TR 12-13 PT RICHLAND ACRES NO. 03 727310-0067. Although a short form legal description, this properly identifies 18728 NE 116th St due to the embedded tax parcel identification number. In other words, the Countrywide Deed of Trust encumbering 18728 NE 116th St.

is apparent. Bank of America further provided a hard copy of the index search results for the name "Dean D. Scott," which also identified the Countrywide Deed of Trust.

In 2010, Dean D. Scott passed away. At that point, Dayna Scott held title to a half interest in the subject property, and Shirley Scott held title to the other half.

The property at 18728 NE 116th St. is improved by a single residence, and at the time Shirley Scott filed for bankruptcy, she was using the property as her residence. The co-owner, Dayna Scott, did not reside at the property. A partition of 18728 NE 116th St. is not practicable, and the property is not used in the production, transmission or distribution of energy.

**Analysis**

Federal Rule of Civil Procedure 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323(1986). A fact is material if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When a properly supported motion for summary judgment has been presented, the adverse party "may not rely merely on allegations or denials in its own pleadings." *Id.* at 248. Rather, the non-moving party must set forth "specific facts" demonstrating the existence of a genuine issue for trial. *Id.* at 256.

a. <u>Avoidance of Deed of Trust</u>

Bankruptcy Code Section 544(a)(3) provides that: "The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by— a bona fide purchaser of real property."

**Below is a Memorandum Decision of the Court.**

The Chapter 7 Trustee herein asserts that pursuant to 544(a)(3) he is a hypothetical bona fide purchaser of the debtor's interest in 18728 NE 116th St., and that he may avoid the Countrywide Deed of Trust.

In the bankruptcy context, "bona fide purchaser status" is determined under state law. *In Re Professional Inv. Properties of America,* 955 F.2d 623, 628 (9th Cir. 1991).

Under Washington law,

> [a] bona fide purchaser for value is one who without notice of another's claim of right to, or equity in, the property prior to his acquisition of title, has paid the vendor a valuable consideration. The notice need not be actual, nor amount to full knowledge. . . . It is a well-settled rule that where a purchaser has knowledge or information of facts which are sufficient to put an ordinarily prudent man upon inquiry, and the inquiry, if followed with reasonable diligence, would lead to the discovery of defects in the title or of equitable rights of others affecting the property in question, the purchaser will be held chargeable with knowledge thereof and will not be heard to say that he did not actually know of them. In other words, knowledge of facts sufficient to excite inquiry is constructive notice of all that the inquiry would have disclosed.

*Miebach* v. *Colasurdo,* 102 Wn.2d 170, 175-76 (1984) (internal quotations and citations omitted).

In Washington, the indexing of deeds is governed by RCW 64.04.050.

"The index is . . . essential . . . because it imparts notice." *Koch v. Swanson,* 4 Wn. App. 456, 458 (Wash. Ct. App. 1971) (referencing RCW 65.08.070). A properly recorded mortgage gives notice of its contents to the whole world," and "[s]ubsequent purchasers and encumbrancers take the property with notice of the prior mortgage." *Id.*

However, "the index and the recorded document impart notice only as to matters within [a property's] chain of title." *Id*. at 459. "[O]ne searching the index has a right to rely upon what the index and recorded document discloses and is not bound to search the record outside the chain of title of the property presently being conveyed." *Id.*

Memorandum Decision on Plaintiff's and Defendant's Cross Motions for Summary Judgment - 5

**Below is a Memorandum Decision of the Court.**

Here, because the Countrywide Deed of Trust was indexed as affecting 18728 NE 116th St the deed of trust was in the chain of title for 18728 NE 116th St.

In *Koch*, the parties executed a mortgage that was intended to cover Tract 124, but it was erroneously described as Tract 125 in the mortgage documents. When the mortgage was recorded in Washington's grantor-grantee index, it was indexed as affecting Tract 125. The court concluded that the mortgage was outside the chain of title for tract 124 because if the parties "had searched the index, they would have found no document affecting tract 124." *Id.* at 458.

*Koch* is distinguishable from the instant case because Shirley Scott and her late husband executed a deed of trust in favor of Countrywide on 18728 NE 116th St., and the deed of trust was indexed with a short form legal description consistent with the correct legal description of the affected property, and included, specifically, the tax parcel identification number for the affected property. Because the deed of trust in favor of Countrywide was indexed as affecting 18728 NE 116th St., the deed of trust was in the chain of title for 18728 NE 116th St. --- *notwithstanding* that the deed of trust had an incorrect legal description attached. If a potential purchaser were to use the index to search the chain of title for 18728 NE 116th St., the Countrywide Deed of Trust is apparent. Thus, any potential purchaser is on constructive notice of the Countrywide encumbrance.

Although the Trustee obtained a title report for 18728 NE 116th St. that did *not* list the Countrywide Deed of Trust, it is unclear to this Court how or why the Countrywide Deed of Trust was missed.

If a potential purchaser were to notice that the legal description attached to the Countrywide Deed of Trust is for a different property – 18804 NE 116th St – they may be confused. However, that potential purchaser would, at that point, be on notice that they needed to make inquiry of the circumstances to resolve the inconsistency.

**Below is a Memorandum Decision of the Court.**

Therefore, the Trustee does not qualify as a hypothetical bona fide purchaser pursuant to 544(a)(3), because he had constructive knowledge of the properly indexed Countrywide Deed of Trust. Because the Trustee does not qualify as a hypothetical bona fide purchaser, he may not avoid the Countrywide Deed of Trust. Thus, the Countrywide Deed of Trust may be reformed to reflect the correct legal description. *See e.g., Snyder v. Peterson,* 62 Wn.App. 522 (1991).

      b. Section 363(h) Sale of Co-Owner's Interest

Section 363(h) provides that:

> The trustee may sell both the estate's interest, . . . and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if— (1) partition in kind of such property among the estate and such co-owners is impracticable; (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners; (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

11 U.S.C. § 363(h).

It is undisputed that the Trustee has satisfied 363(h)(1) and (4). However, the Trustee cannot satisfy 363(h)(2) and (3) given the lack of a pending sale. The Court cannot conclude at this point what, if any, benefit would be realized on behalf of this estate.

To the extent Dayna Scott alleges that the Trustee should have compelled Shirley Scott to surrender 18728 NE 116th St., per Shirley Scott's stated intention, Dayna lacks a cause of action against the Trustee. The trustee is entitled to use his own business judgment is determining the best way to proceed with the administration of the case, and conduct which falls under the business judgment rule is not actionable. See *In re Continental Coin Corp.*, 380 B.R. 1 (Bankr. C.D. Cal. 2007). Notably, the relief requested by the Trustee does not negate Dayna Scott's rights under 363(i).

**Below is a Memorandum Decision of the Court.**

### Conclusion

The Trustee's Motion for Summary Judgment seeking to avoid the Countrywide Deed of Trust is granted only in part, as to § 363(h)(1) and (4). Bank of America's Motion for Summary Judgment is granted, and the Countrywide Deed of Trust is reformed to reflect the correct legal description. This ruling moots the dispute between the Trustee and the Bank regarding equitable subrogation.

Bank of America should submit a judgment in accordance with this decision.

// END OF DECISION ///